UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

THE EMPLOYEE PAINTERS' TRUST, *et al.*,

    Plaintiffs,

    v.

ETHAN ENTERPRISES, INC., *et al.*,

    Defendants.

Case No. C09-0269RSL

ORDER DENYING MOTION TO QUASH EXAMINATION OF JUDGMENT DEBTOR

This matter comes before the Court on a motion filed by defendant and judgment debtor Gregory Tift to quash or postpone the debtor's examination scheduled for 10:00 a.m. on March 6, 2009 before the Honorable Brian Tsuchida, United States Magistrate Judge. Alternatively, Tift requests that the discovery proceed "through written interrogatories so that counsel may be readily available." Motion at p. 1.

In November 2004, default judgment was entered against Ethan Enterprises, Inc. for a sum exceeding $1 million. The judgment remains unpaid. Tift is personally liable for the unpaid judgment. In November 2008, plaintiffs filed a motion for an examination of the judgment debtor, and the Honorable Mary Alice Theiler, United States Magistrate Judge, granted the motion.

ORDER DENYING
MOTION TO QUASH - 1

Tift sets forth several arguments to quash or postpone the examination. First, he argues that plaintiffs' attempt to conduct the examination violates a settlement agreement. He notes that on January 27 and February 27, 2009, he sent checks for $1,000 to plaintiffs' counsel. The first check was sent with a cover letter that stated, "Gregory S. Tift will pay $1,000.00 per month each month for six months. . . . Attached is the first payment, endorsement of this check is agreement to the proposal." Tift Declaration (Dkt. #11-2). Plaintiffs, however, never endorsed or deposited the check, so they did not accept Tift's "settlement offer."

Second, Tift argues that plaintiffs have shown an intent to use the records obtained from the examination for purposes other than discovery. Tift notes that plaintiffs requested relief from a protective order in another case in this district,[1] stating that they needed to comply with a subpoena duces tecum "and to provide preliminary information to the appropriate law enforcement agencies so that those agencies can properly determine if further investigation is [warranted] or appropriate." Motion, Ex. A. Based on that statement, Tift contends that the deposition should be quashed pursuant to Federal Rule of Civil Procedure 30(d)(3)(A). However, Tift has not shown that the deposition will be conducted in bad faith or in a manner that unreasonably annoys, embarrasses, or oppresses him. Tift's concerns are undermined by the fact that he is free to invoke his Fifth Amendment rights if warranted during the examination. Tift is cautioned, however, that he may not use those rights as an excuse to refuse to answer legitimate questions about the existence and location of his assets.

---

[1] Plaintiffs' motion for relief from the protective order is currently pending before the Honorable Ricardo Martinez, United States District Judge. Employees Painters' Trust v. Ethan Enterprises, Inc., 6-657RSM (W.D. Wash. 2006). If Judge Martinez denies the motion, then the issue is moot.

ORDER DENYING
MOTION TO QUASH - 2

Third, Tift argues that his business practices, and specifically the "operating schedules and costs associated with the business," qualify as trade secrets and are subject to protection under state and federal law. Motion at p. 4. Tift's vague allegation is insufficient to show that his business practices are trade secrets. Even if they were, that characterization would not immunize him from having to give testimony. Rather, portions of any transcript can be protected, if needed, by an appropriate protective order. Furthermore, plaintiffs have stated that they do not intend to question how Tift makes his money. Instead, they will question Tift about the existence and scope of his assets and property. Those facts are not trade secrets.

Fourth, Tift contends that his counsel has a conflicting hearing at 10:00 a.m. on March 6, 2009 in King County Superior Court. Tift does not have a constitutional or statutory right to have the counsel of his choosing, or any counsel, present at the hearing. Furthermore, the examination was originally scheduled to occur on January 8, 2009. On January 5, 2009, the court granted Tift's request for a 60-day continuance and rescheduled the hearing for March 6, 2009. Tift did not move for reconsideration or otherwise respond to the order in any way until six weeks later, when he filed the instant motion. Nor did his counsel inform the King County Superior Court that he was unavailable at 10:00 a.m. on March 6. Therefore, the scheduling conflict is not a basis to quash the examination. Nor is it a basis for postponing the hearing. Tift has already obtained one lengthy postponement. Furthermore, after learning of counsel's scheduling conflict, plaintiffs' counsel offered to reschedule the examination for later in the day, but Tift refused.

Fifth, Tift contends that plaintiffs conducted a debtor's examination of him in August 2007 and should not be permitted to conduct a second one. Tift cites no authority

ORDER DENYING
MOTION TO QUASH - 3

in support of his argument. The first examination was conducted a year and a half ago, Tift has not paid the amount owed, and his finances have no doubt changed in the interim. Furthermore, Judge Theiler granted plaintiffs' motion to conduct the examination. That order is the law of the case. Tift's arguments about why no such examination should occur are untimely and untenable. For all of these reasons, Tift's request to quash the examination is denied.

As for his alternate request for an examination by written questions, that request is also denied. Plaintiffs have the right to choose the method of discovery and to obtain Tift's answers, not those drafted by counsel. Accordingly, Tift's motion to quash (Dkt. #10) is DENIED.

DATED this 5th day of March, 2009.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER DENYING
MOTION TO QUASH - 4